[Cite as *State v. Jones*, 2018-Ohio-306.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-431 |
| v. | : | (C.P.C. No. 13CR-2345) |
| Antonio M. Jones, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 25, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Antonio M. Jones*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Antonio M. Jones, appeals pro se from a judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment. Because we conclude the trial court did not abuse its discretion by denying appellant's motion, we affirm.

### I. Facts and Procedural History

{¶ 2} The facts of the case are more fully detailed in this court's decision affirming appellant's convictions on direct appeal. *See State v. Jones*, 10th Dist. No. 14AP-796, 2015-Ohio-2357, ¶ 2-11 ("*Jones I*"). As relevant to the present appeal, appellant was indicted on four charges related to the shooting death of James E. Lane on April 20, 2013: (1) murder, in violation of R.C. 2903.02, an unclassified felony, with an accompanying firearm specification and repeat violent offender specification, (2) felony murder, in violation of R.C. 2903.02, an unclassified felony, with an accompanying firearm

specification and repeat violent offender specification, (3) tampering with evidence, in violation of R.C. 2921.12, a third-degree felony, with an accompanying firearm specification, and (4) having a weapon while under disability, in violation of R.C. 2923.13, a third-degree felony, with an accompanying firearm specification. *Jones I* at ¶ 2. Appellant pled not guilty to all charges. *Id.* He waived his right to a jury trial on the charge of having a weapon under disability and a bench trial was conducted as to that charge. The other three charges were tried before a jury. *Id.* at ¶ 3. The jury found appellant guilty of murder, felony murder, and tampering with evidence, and the firearm specifications that accompanied both murder charges. *Id.* at ¶ 11. The trial court found appellant guilty of having a weapon under disability and the repeat violent offender specifications. *Id.* Following a sentencing hearing on September 12, 2014, the trial court merged the felony murder count into the murder count and sentenced appellant to an aggregate sentence of 33 years to life imprisonment. *Id.* The trial court journalized the convictions and sentence in a judgment entry on September 15, 2014. *Id.* On direct appeal, appellant challenged the sufficiency of the evidence and claimed the verdicts were against the manifest weight of the evidence. *Id.* at ¶ 12. This court affirmed the trial court's judgment, finding that both the sufficiency and manifest weight of the evidence supported appellant's convictions. *Id.* at ¶ 35.

{¶ 3} Appellant subsequently filed a pro se motion for leave to file a delayed motion for new trial. The trial court denied appellant's motion for leave and this court affirmed on appeal, holding that appellant did not show he was prevented from discovering the evidence he sought to use to support his delayed motion for new trial. *State v. Jones*, 10th Dist. No. 16AP-13, 2016-Ohio-5387, ¶ 1 ("*Jones II*"). Appellant also filed a pro se petition to vacate or set aside his judgment of conviction, pursuant to R.C. 2953.21, asserting ineffective assistance of trial counsel. The trial court denied appellant's petition, finding several of his claims of ineffective assistance of counsel were barred by res judicata and that appellant failed to present evidence demonstrating deficient performance and/or prejudice as to his claims. *State v. Jones*, 10th Dist. No. 16AP-128, 2017-Ohio-1121, ¶ 7-8 ("*Jones III*"). This court affirmed on appeal, holding the trial court did not abuse its discretion by denying appellant's petition. *Jones III* at ¶ 32-34.

{¶ 4} On May 3, 2017, appellant filed a pro se motion for relief from judgment, pursuant to Civ.R. 60(B)(5), asserting fraud upon the court had been committed at trial. Plaintiff-appellee, State of Ohio, filed a memorandum in opposition requesting the trial court deny the motion for relief from judgment. On June 2, 2017, the trial court issued a judgment denying appellant's motion for relief from judgment. The trial court held Civ.R. 60(B) did not apply because appellant was collaterally challenging his criminal conviction and such collateral challenges were governed by R.C. 2953.21 and Crim.R. 35. The trial court treated appellant's motion as a petition for postconviction relief, pursuant to R.C. 2953.21, and concluded it was barred by the doctrine of res judicata and the prohibition on successive petitions for postconviction relief contained in R.C. 2953.23.

## II.  Assignments of Error

{¶ 5} Appellant appeals and assigns the following two assignments of error for our review:

> [I.] THE JUDGMENT OF THE TRIAL COURT IS CONTRARY TO THE CONSTITUTIONAL MANDATES OF THE UNITED STATES CONSTITUTION AND CONSTITUTION OF OHIO AND IS AN ABUSE OF JUDICIAL DISCRETION OF THE FIFTH AND FOURTEENTH AMENDMENTS.
>
> [II.] THE JUDGMENT OF THE TRIAL COURT IS CONTRARY TO THE MANDATES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION WHERE THE COURT REFUSED TO DECIDE THE ISSUES OF DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT WHERE FRAUD UPON THE COURT WAS COMMITTED AND THE DENIAL CONSTITUTES AN ABUSE OF JUDICIAL DISCRETION VIOLATING THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

## III.  Discussion

{¶ 6} In his two assignments of error, appellant asserts the trial court abused its discretion by denying his motion for postconviction relief because the judgment entered following the trial violated the protection against double jeopardy provided in the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio

Constitution. Because both of appellant's assignments of error raise the same issue, we will address them together.

## A. Applicability of Civ.R. 60(B)

{¶ 7} We begin, however, with a procedural issue. Appellant captioned his motion as a motion for relief from judgment, pursuant to Civ.R. 60(B)(5), alleging fraud on the court. The trial court held appellant could not challenge his conviction under Civ.R. 60(B) and construed appellant's motion as a petition for postconviction relief under R.C. 2953.21. On appeal, appellant argues Civ.R. 60(B) was a proper basis for his motion.

{¶ 8} "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. As the trial court noted, the Supreme Court of Ohio has held the Rules of Civil Procedure may apply in a criminal case where there is no applicable Rule of Criminal Procedure. *Id.* at ¶ 10 ("Today we hold that the plain language of Crim.R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists."). Notwithstanding appeals under R.C. 2953.08, a petition for postconviction relief is the exclusive remedy by which a defendant may bring a collateral challenge to a conviction or sentence. R.C. 2953.21(K). *See also State v. Newbern*, 10th Dist. No. 06AP-928, 2007-Ohio-1595, ¶ 5. Crim.R. 35 governs the procedure for a petition for postconviction relief. Because there is an applicable criminal rule governing petitions for postconviction relief, there was no need to rely on the civil rules in this case. Therefore, the trial court properly recast appellant's motion as a petition for postconviction relief. *See Schlee* at ¶ 12 ("The Civ.R. 60(B) motion filed by Schlee was filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him. We conclude, therefore, that the Civ.R. 60(B) motion filed by Schlee could have been filed as a petition for postconviction relief. Thus, it is not necessary to look to the Civil Rules or other applicable law for guidance in the way Crim.R. 57(B) intends, because a procedure 'specifically prescribed by rule' exists, i.e., Crim.R. 35.").

## B. Standard of review

{¶ 9} Postconviction relief is a civil collateral attack on a judgment, not an additional direct appeal of the underlying judgment. *State v. Phipps*, 10th Dist. No. 14AP-

545, 2015-Ohio-3042, ¶ 5, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A petition for postconviction relief allows the petitioner to present constitutional issues that would otherwise be unreviewable on direct appeal because the evidence supporting those issues is not contained in the record of the criminal conviction. *Phipps* at ¶ 5, citing *State v. Carter*, 10th Dist. No. 13AP-4, 2013-Ohio-4058, ¶ 15. A petition for postconviction relief does not, however, provide a second opportunity to litigate the conviction. *Id.*

{¶ 10} A petitioner is not automatically entitled to an evidentiary hearing on a petition for postconviction relief but, instead, bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. *State v. Ibrahim*, 10th Dist. No. 14AP-355, 2014-Ohio-5307, ¶ 9. A petition for postconviction relief may be denied without an evidentiary hearing where the petition, supporting affidavits, documentary evidence, files, and records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *Calhoun* at paragraph two of the syllabus. When a trial court dismisses a petition for postconviction relief without holding an evidentiary hearing, it must enter findings of fact and conclusions of law. R.C. 2953.21(C).

{¶ 11} We review a trial court's denial of a petition for postconviction relief without a hearing for an abuse of discretion. *Phipps* at ¶ 6, citing *State v. McBride*, 10th Dist. No. 14AP-237, 2014-Ohio-5102, ¶ 11. *See also State v. Simmonds*, 10th Dist. No. 16AP-332, 2017-Ohio-2739, ¶ 16 ("We review for abuse of discretion a trial court's denial of a postconviction relief petition without a hearing."); *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58 ("We hold that a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence."). An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} It appears from the record that the trial court denied appellant's motion without conducting an evidentiary hearing. The court concluded appellant's motion was barred by the doctrine of res judicata because it presented an argument that could have

been raised during trial or on direct appeal. The court also concluded appellant's motion was barred under R.C. 2953.23 as a successive petition for postconviction relief.

## C. Application of the doctrine of res judicata

{¶ 13} A trial court may dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 16, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. "Res judicata is applicable in all postconviction relief proceedings." *Szefcyk* at 95. "[A] convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *Id.* at 96. To avoid the doctrine of res judicata, the claims in a petition for postconviction relief must be supported by competent, relevant, and material evidence, outside the trial court's record, and it must not be evidence that existed or was available for use at the time of trial. *See State v. Braden*, 10th Dist. No. 02AP-954, 2003-Ohio-2949, ¶ 27.

{¶ 14} As discussed more fully below, appellant appears to argue the state and the trial court violated R.C. 2941.25 and the constitutional protections against double jeopardy during the trial on the merits by submitting to the jury the charges of murder and felony murder as to the same victim. To the extent appellant claims the jury could not properly find him guilty as to both charges, he does not rely on material outside the record at trial and he could have raised this issue at trial or in his direct appeal. Accordingly, the trial court did not abuse its discretion by concluding that res judicata barred appellant's petition for postconviction relief.

## D. Prohibition on successive petitions for postconviction relief

{¶ 15} Appellant filed his first petition for postconviction relief on June 4, 2015. The trial court denied that petition, and this court affirmed the denial on appeal. *Jones III* at ¶ 32-34. Thus, the motion at issue in this appeal was effectively a second petition for postconviction relief.

{¶ 16} A court may not entertain a second petition for postconviction relief unless certain conditions apply:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

R.C. 2953.23(A).

{¶ 17} With respect to the exception contained in R.C. 2953.23(A)(1), appellant did not argue his claim for postconviction relief was based on a newly recognized federal or

state right that would satisfy the second clause of R.C. 2953.23(A)(1)(a). Appellant also failed to show he was unavoidably prevented from discovery of the facts on which his petition was based, which would be required under the first clause of R.C. 2953.23(A)(1)(a). Appellant argues on appeal that he relied on his trial counsel to protect his rights at trial and he was unaware at the time of the constitutional arguments he now seeks to assert in his pro se petition for postconviction relief. However, this is insufficient to establish that he was unavoidably prevented from discovering the *facts* on which his petition for postconviction relief was based. *See State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 17 ("For purposes of R.C. 2953.23(A)(1)(a), appellant's assertion that she 'recently became concerned regarding the legality of [her] plea of guilty' is insufficient to satisfy appellant's burden of proving that she was unavoidably prevented from discovery of 'the facts' on which she must rely to present the claim for relief.").

{¶ 18} With respect to the exception contained in R.C. 2953.23(A)(2), appellant does not assert a claim of actual innocence based on DNA testing. Therefore, this exception does not apply to his petition for postconviction relief.

{¶ 19} Because appellant failed to demonstrate that either of the exceptions contained in R.C. 2953.23(A) applied to his motion, which constituted a second petition for postconviction relief, the trial court did not abuse its discretion by concluding the petition was barred by R.C. 2953.23.

{¶ 20} Accordingly, we overrule appellant's first and second assignments of error.

**E. Appellant's statutory and constitutional argument**

{¶ 21} Having concluded the trial court did not abuse its discretion by denying appellant's petition for postconviction relief because the petition was barred by res judicata and R.C. 2953.23, we will briefly address the merits of appellant's petition. Appellant appears to argue the state and trial court violated the merger statute, R.C. 2941.25, and the protections against double jeopardy contained in the United States Constitution and the Ohio Constitution by submitting to the jury the charges of murder and felony murder as to the same victim. Appellant cites R.C. 2941.25(A), which provides "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Appellant argues the trial court

violated this statute by submitting the murder charge and the felony murder charge to the jury and allowing the jury to return guilty verdicts on both charges, and then by merging the convictions for purpose of sentencing. Appellant appears to argue that, pursuant to R.C. 2941.25, the state was required to elect which charge it would pursue prior to submission of the case to the jury.

{¶ 22} The Supreme Court has expressly rejected appellant's construction of R.C. 2941.25, holding that "[t]he statute prohibits a conviction of both [offenses], not the submission to the jury of both." *State v. Osborne*, 49 Ohio St.2d 135, 144 (1976), *vacated in part on other grounds and remanded, sub nom., Osborne v. Ohio*, 438 U.S. 911 (1978). The court has further held that "[a]llied offenses of similar import do not merge until sentencing, since a conviction consists of verdict *and* sentence." (Emphasis added.) *State v. McGuire*, 80 Ohio St.3d 390, 399 (1997). *See also State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 26 ("This court has previously said that allied offenses of similar import are to be merged at sentencing."); *State v. Johnson*, 10th Dist. No. 00AP-1115, 2003-Ohio-578, ¶ 17 ("Notably, in this context, 'conviction' means a judgment of conviction, which consists of a verdict or finding of guilty *and* the sentence imposed."). (Emphasis sic.) In the trial on the merits in this case, after the jury returned verdicts of guilty on the charges of murder and felony murder, the trial court merged the convictions and imposed a sentence on the charge of murder. *Jones I* at ¶ 11. Accordingly, had the trial court not denied appellant's petition for postconviction relief on procedural grounds, the petition would have failed on its merits.

## IV. Conclusion

{¶ 23} For the foregoing reasons, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and TYACK, J., concur.

_____