**[Cite as *State v. Watkins*, 2020-Ohio-715.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

                                                     CASE NO. 1-19-48

      PLAINTIFF-APPELLEE,

      v.

THOMAS B. WATKINS,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2017 0271

**Judgment Affirmed**

Date of Decision:  March 2, 2020

APPEARANCES:

    *Thomas M. Kollin* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Thomas B. Watkins ("Watkins") brings this appeal from the judgment of the Court of Common Pleas of Allen County alleging that the trial court erred in denying his petition for post-conviction relief on the grounds of res judicata. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 16, 2018, Watkins entered a plea of guilty to one count of Burglary in violation of R.C. 2911.12(A)(1), 2911.12(D), a felony of the second degree and one count of violating a protection order in violation of R.C. 2919.27(A)(1), 2929.27(B)(4), a felony of the third degree. Doc. 122. The trial court sentenced him to an aggregate prison term of four years. Doc. 123. Watkins appealed this judgment. Doc. 133. On appeal, Watkins argued that his guilty pleas were involuntary due to ineffective assistance of counsel. Doc. 151. This court affirmed the judgment of the trial court on December 17, 2018. *Id.*

{¶3} On June 14, 2019, Watkins filed a petition for post-conviction relief. Doc. 153. The petition claimed that Watkins was denied effective assistance of counsel because counsel failed to inform him of a speedy trial violation. *Id.* Watkins included affidavits to support the claim. *Id.* The State filed its response on July 2, 2019. Doc. 154. The trial court ruled on the motion on July 3, 2019, denying it on the grounds of res judicata. Doc. 155. On August 1, 2019, Watkins filed his notice of appeal from the denial of post-conviction relief. Doc. 158. Watkins, on appeal, makes one assignment of error.

> **The trial court erred in denying [Watkins'] petition for post-conviction relief when it erroneously relied upon *res judicata* to preclude [Watkins'] petition.**

{¶4} The sole assignment of error is that *res judicata* should not apply because Watkins could only prove ineffective assistance of counsel through the use of evidence outside of the record. "'[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment.'" *State v. Jones*, 10th Dist. Franklin No. 17AP-431, 2018-Ohio-306, ¶ 13, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E. 2d 233 (1996).

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. *See Vaughn v. Maxwell* (1965), 2 Ohio**

> **St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson*, **64 Ohio St.2d at 110–111, 18 O.O.3d at 351, 413 N.E.2d at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, ¶ 20.

**{¶5}** Here, Watkins argued in his motion that he had repeatedly asked his attorney to file a motion alleging a speedy trial violation and she refused to do so. Watkins claims that he was actually arrested on August 10, 2017, not August 14, 2017.[1] He then submits a certified booking sheet to show that he was arrested on the 10th. However, a review of the booking sheet shows that he was arrested on that day for a misdemeanor, not the felony burglary charge at issue here.[2] "When a defendant is held in jail for reasons other than the currently pending charges, such as a holder issued pursuant to an outstanding warrant, the triple-count provision does not apply." *State v. Brown*, 64 Ohio St.3d 476, 479, 1992-Ohio-96, 597 N.E.2d 97. The Ohio Supreme Court has held that "a charge is not pending for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C) until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing

---

[1] This Court notes that the allegation that the actual arrest occurred on August 10 was known at the time of the direct appeal and was noted in a footnote. A review of the record shows that the arrest warrant and the complaint initiating this action were both issued on August 14, 2017. The return of executed warrant states that Watkins was arrested on this offence on August 14, 2017.

[2] The booking sheet appears to indicate that Watkins may have been held on a probation violation, but it is not clear exactly what the reason for the incarceration was other than a misdemeanor crime.

of charges, or is released on bail or recognizance." *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, ¶ 1, 859 N.E.2d 532. The arrest warrant for the burglary charge was requested on August 14, 2017, and Watkins was arrested on this charge on that same day. Doc. 1. Since the arrest on August 10, 2017, was for a different charge, the time does not count in this case.

{¶6} The issue of whether there was a speedy trial violation was raised and reviewed on direct appeal. *State v. Watkins*, 3d Dist. Allen No. 1-18-32, 2018-Ohio-5055. This court determined that before the first tolling event, Watkins had accumulated 261 days towards the 270 days allowed. *Id*. at ¶ 13. Then, various tolling events occurred. This court then determined that "under the facts presented * * * [Watkins'] speedy-trial clock was tolled from November 9, 2017 until May 16, 2018, and no additional days accrued to the State's 270-day statutory limit." *Id*. at ¶ 20. Once it was determined that the speedy-trial argument failed, this court held that the ineffective assistance of trial counsel argument also failed. *Id*. at ¶ 21. The argument has not changed. The only difference is that Watkins has produced more evidence showing the same facts previously known. Since this court has already ruled upon the issue of whether a speedy trial violation occurred, it is barred from being re-litigated by the doctrine of *res judicata*. Since the motion for post-conviction relief fails to set forth that the actions of trial counsel would have been prejudicial, the motion fails to set forth a basis for a need to hold a hearing on the

matter. *See Walker, supra*. The trial court did not err in finding as such and overruling the motion for post-conviction relief.

{¶7} Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment Affirmed*

**PRESTON and ZIMMERMAN, J.J., concur.**

**/hls**