[Cite as *Hicks v. State*, 2018-Ohio-5298.]

IN THE COURT OF APPEALS OF OHIO

TWELFTH APPELLATE DISTRICT

CLERMONT COUNTY

| | | |
|---|---|---|
| Christopher Hicks, | : | |
| Appellant, | : | |
| v. | : | Case No. CA2018-04-022 |
| State of Ohio et al., | : | (ACCELERATED CALENDAR) |
| Appellees. | : | |

D E C I S I O N

Rendered on: 12/28/2018

**On brief:** *Brafford & Rivello*, and *Suellen M. Brafford*, for appellant.

**On brief:** *Michael DeWine*, Attorney General, and *Matthew J. Donahue*, for appellee State of Ohio.

**On brief:** *Strauss Troy Co., LPA,* and *Christopher R. McDowell*, for appellee Linda Fraley.

APPEAL from the Clermont County Municipal Court

Case No. 2018 PC 00002

TYACK, J.

{¶ 1} Christopher Hicks is appealing from the failure of a judge to authorize the pursuit of criminal charges against the Clermont County Auditor. He assigns two errors for our consideration:

> [I.] THE VISITING JUDGE IMPROPERLY HELD A HEARING AND SHOULD HAVE FOUND THE PRIVATE CITIZEN AFFIDAVIT FILING MERITORIOUS ON ITS FACE AND ISSUED A WARRANT FOR APPELLEE FRALEY'S ARREST OR IN THE ALTERNATIVE REFERRED THE CASE TO A SPECIAL

PROSECUTING ATTORNEY FOR FURTHER INVESTIGATION.

[II.] THE VISITING JUDGE IMPROPERLY DISMISSED THE PRIVATE CITIZEN AFFIDAVIT CONTRARY TO THE STATUTORY TEXT OF OHIO REVISED CODE 2935.09 AND 2935.10.

{¶ 2} Addressing the first assignment of error, we do not sanction the position that, merely because a private citizen files an affidavit alleging that a public office holder has engaged in some sort of misconduct, an arrest warrant must be forthcoming.

{¶ 3} In the present case, a visiting judge was appointed to conduct proceedings. The prosecuting attorney for Clermont County asked to be recused because the prosecuting attorney serves as the prosecuting authority.

{¶ 4} The visiting judge scheduled a hearing on the merits of the allegation that the Clermont County Auditor had engaged in illegal conduct with respect to the handling of the employment of a young man who briefly was the auditor's stepson. At the conclusion of the hearing conducted in the presence of members of the office of the Ohio Attorney General, the judge determined that pursuance of criminal charges was not warranted. The office of the Ohio Attorney General concurred in the determination of the judge.

{¶ 5} We find no fault in a judge utilizing a public hearing as the way to develop the facts that support or refute the allegations in the affidavit filed by a private citizen seeking to pursue criminal charges against a public office holder.

{¶ 6} The first assignment of error is overruled.

{¶ 7} Turning to the second assignment of error, R.C. 2935.09(D) reads:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

{¶ 8} R.C. 2935.09(A) reads:

As used in this section, "reviewing official" means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate.

{¶ 9} The affidavit at issue here was filed with a clerk of courts and provided both to a judge and to the office of the Ohio Attorney General. Clearly R.C. 2935.09 was not violated.

{¶ 10} R.C. 2935.10(A) reads:

Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

{¶ 11} Here, a judge conducted a hearing in open court. The visiting judge assigned to the case had only two options under R.C. 2935.10. One option is to issue a warrant. The second is to formally refer the matter to the prosecuting attorney for investigation or further investigation. *Hillman v. O'Shaughnessy*, 10th Dist. No. 16AP-571, 2017-Ohio-489, ¶ 6, citing *Hillman v. Larrison*, 10th Dist. No. 15AP-730, 2016-Ohio-666, ¶ 14. The visiting judge did neither in this case. We therefore find that the visiting judge did not follow the requirements of R.C. 2935.10.

{¶ 12} We, therefore, sustain the second assignment of error. We vacate the trial court's entry dismissing the affidavit and remand the case to the trial court to formally refer the case to the prosecuting attorney, in this case the office of the Ohio Attorney General, to take whatever action it deems appropriate.

*Judgment vacated; cause remanded.*

KLATT and SADLER, JJ., concur.

———————

Tyack, J., of the Tenth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

Klatt, J., of the Tenth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

Sadler, J., of the Tenth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.