[Cite as *Jones v. Thomas*, 2019-Ohio-5000.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Antonio M. Jones,                          :

    Plaintiff-Appellant,              :

                                No. 19AP-401

v.                                         :      (C.P.C. No. 18CV-7218)

Larry Thomas,                              :      (ACCELERATED CALENDAR)

    Defendant-Appellee.               :

D E C I S I O N

Rendered on December 5, 2019

**On brief:** *Antonio M. Jones*, pro se.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM

{¶ 1} Plaintiff-appellant, Antonio M. Jones, appeals the judgment of the Franklin County Court of Common Pleas which, under R.C. 2935.10, refused to issue a warrant for the arrest of defendant-appellee, Larry Thomas, and ordered the case referred to the prosecuting attorney. For the following reasons, we affirm the trial court.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On August 23, 2018, appellant, an inmate at the Chillicothe Correctional Institution, filed an affidavit, pursuant to R.C. 2935.09 and 2935.10, accusing appellee, appellant's former defense attorney, of committing crimes against him in defending him against a murder charge. Specifically, he alleged appellee knowingly violated appellant's constitutional rights and created a risk of physical harm to him under R.C. 2921.45 when he "negligently failed to protect [appellant's] rights to a fair trial, and conspired [with the prosecutor] to produce a conviction against his own client" by "knowingly put[ting] forth a

defense he knew would lose"—a defense "that made absolutely no sense, as said defense was completely contrary to the evidence he knew was being introduce[d] at trial by the state." (Compl. at 2, 3.) Appellant additionally alleged appellee obstructed official business under R.C. 2921.31 by: failing to put forth a reasonable defense and instead choosing a defense "he knew would lose"; lying to other court officials and concealing material facts; and allowing the court to abuse its authority. (Compl. at 3.) According to appellant, appellee's actions, including his failure to object, showed he "conspired with the system to convict on the charge of murder even after both the judge, and the prosecutor openly admitted that they felt [appellant] did not intend to kill the victim." (Compl. at 3.) Appellant asserted this is a case where "ineffective assistance of trial counsel, or mere negligence of counsel" rises to the level of a criminal offense. (Compl. at 3.)

{¶ 3} In support of his affidavit, appellant included a police report of an interview with appellant, which states in pertinent part that appellant told the investigator he "missed the guy (who he believed was reaching for a gun) and did not think he hit anything" and said shooting the victim "was an accident, and * * * he was trying to shoot someone else." (Ex. A-1 to Compl. at 2.) Appellant also provided two pages of transcript that appear to be from appellant's sentencing hearing, in which the prosecutor states:

> At trial it was undisputed that [appellant] wasn't actually trying to shoot the victim * * * in this case. I wouldn't want that, the fact that he wasn't trying to shoot that person makes it seem like it is an accident. However, I think it is important to note that the jury did find him guilty of Count 1, which is purpose murder with transferred intent. Therefore the fact that he killed the wrong person, I find not to be any sort of a mitigating factor in this crime.

(Ex. A-1 to Comp. at 3.)

{¶ 4} On June 10, 2019, the trial court issued a decision finding, under R.C. 2935.10, appellant's affidavit lacked meritorious claims and no probable cause existed for the felony or misdemeanor charges alleged against appellee. The trial court further found appellant's affidavit was not made in good faith but was rather a collateral attack on appellant's criminal conviction, which had previously been affirmed by this court. The trial court therefore held that no warrant would issue for the arrest of appellee, terminated the

case, and, pursuant to the procedure mandated by R.C. 2935.10(A), referred the case to the prosecuting attorney for review and investigation.

{¶ 5} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant assigns the following as trial court error:

[1.] APPELLANT CONTENDS THAT THE TRIAL COURT DENIED HIM SUBSTANTIVE DUE PROCESS AS WELL AS EQUAL PROTECTION OF THE LAW WHEN IT IGNORED OVERWHELEMING EVIDENCE THAT THE DEFENDANT-APPELLEE COMITTED THE CRIME OF OBSTRUCTING OFFICIAL BUSSINESS, AND CONSPIRED TO DEPRIVE THE APPELLANT OF HIS CIVIL AND CONSTITUTIONAL RIGHTS, THUS VIOLATING APPELLANT'S 1ST, 5TH, 6ST, AND 14TH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTIONS.

[2.] APPELLANT CONTENDS THAT THE TRIAL COURT APPLIED THE WRONG STANDARD OF REVIEW WHEN ATTEMPTING TO DETERMINE WHETHER PROBABLE CAUSE EXIST, THUS IT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND A DENIAL OF THE APPELLANT'S-PLAINTIFF'S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE 1ST, 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS.

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 7} "We review a judge's decision not to issue a warrant based on an accusation by affidavit filed pursuant to R.C. 2935.09 and 2935.10 under the abuse of discretion standard." *Hillman v. O'Shaughnessy*, 10th Dist. No. 16AP-571, 2017-Ohio-489, ¶ 7, citing *In re Slayman*, 5th Dist. No. 08CA70, 2008-Ohio-6713, ¶ 19. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. LEGAL ANALYSIS

{¶ 8} Because they involve related issues, we address appellant's first and second assignments of error together. In his first assignment of error, appellant asserts the trial court denied him due process and equal protection of the law by ignoring overwhelming

evidence that appellee committed the alleged crimes. Appellant's second assignment of error contends he was denied due process and equal protection of the law, and the trial court judgment is against the manifest weight of the evidence due to the trial court's application of the wrong standard of review in determining whether probable cause exists.

{¶ 9} As a preliminary issue, although appellant's assignments of error are framed in constitutional terms, and he contends the trial court "applied the wrong standard of review," the arguments he advances in support of the assignments of error only challenge the trial court's determination that probable cause does not exist for either alleged crime under the facts of the case. (Appellant's Brief at 3.) He does not present any argument or case law that implicate substantive due process, equal protection, or the standard of review itself. We decline to craft the constitutional and standard of review arguments on appellant's behalf and find appellant has not demonstrated reversible error in regard to these contentions. *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34 ("An appellant must support their assignments of error with an argument, which includes citation to legal authority."), citing App.R. 16(A)(7) and 12(A)(2); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359, ¶ 22 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf). We will proceed to address appellant's contentions with respect to the assignments of error which are supported by an argument and citations to legal authority.[1] App.R. 16(A); *State v. Teitelbaum*, 10th Dist. No. 19AP-137, 2019-Ohio-3175, ¶ 18.

{¶ 10} "A private citizen may initiate the arrest or prosecution of a person charged with committing an offense if the citizen complies with the requirements of R.C. 2935.09(D)." *State ex rel. Brown v. Jeffries*, 4th Dist. No. 11CA3275, 2012-Ohio-1522, ¶ 6, citing *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 6. R.C. 2935.09(D) provides: "A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution

---

[1] To the extent appellant raises additional issues not included in his R.C. 2935.09(D) affidavit to the trial court, such as the Ohio Code of Professional Conduct or dereliction of duty under R.C. 2921.44, we decline to address those issues for the first time on appeal. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 15 (discussing "a well-established rule" that a party may not raise an issue on appeal that was not initially raised before the trial court).

under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney."  For the purpose of R.C. 2935.09(A), a "reviewing official" is a "judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate."

{¶ 11} "When such an accusatory affidavit is filed, R.C. 2935.10 governs the procedure to be followed."  *O'Shaughnessy* at ¶ 6, citing *State ex rel. Dominguez v. State*, 129 Ohio St.3d 203, 2011-Ohio-3091, ¶ 2 (R.C. 2935.09 "must be read *in pari materia* with R.C. 2935.10" (Emphasis sic.)).  R.C. 2935.10(A) states:

> Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

Thus, a judge reviewing an R.C. 2935.09(D) affidavit alleging a felony offense "is only permitted to take one of two actions: (1) issue a warrant, or (2) refer the matter to the prosecutor for investigation if the judge has reason to believe that the affidavit lacks a meritorious claim, i.e. probable cause, or was not made in good faith."  *O'Shaughnessy* at ¶ 6, citing *Hillman v. Larrison*, 10th Dist. No. 15AP-730, 2016-Ohio-666, ¶ 14 ("*Larrison I*").

{¶ 12} Under R.C. 2935.10(B), a judge reviewing an R.C. 2935.09(D) affidavit alleging a misdemeanor or violation of a municipal ordinance "may" issue a warrant or a summons commanding the person against whom the affidavit or complaint was filed to appear before the court.  " 'The statutory use of the word "may" is generally construed to make the provision in which it is contained optional, permissive, or discretionary.' "  *In re S.F.M.*, 10th Dist. No. 14AP-408, 2014-Ohio-5860, ¶ 10, quoting *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971).

{¶ 13} "When R.C. 2935.09 is read in pari materia with R.C. 2935.10, it is clear that the mere filing of an affidavit claiming that a crime was committed does not require the

issuance of an arrest warrant."  *Hillman v. Larrison*, 10th Dist. No. 18AP-896, 2019-Ohio-2537, ¶ 13 ("*Larrison II*"), citing *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 273 (1997).  "Moreover, in the context of R.C. 2935.10, the absence of a meritorious claim is viewed the same as the absence of probable cause."  *Larrison II* at ¶ 13.

{¶ 14} Appellant's R.C. 2935.09(D) affidavit alleges appellee violated R.C. 2921.45 and 2921.31.  In order for the trial court to issue a warrant for the arrest of appellee under R.C. 2921.45, appellant had to demonstrate there was probable cause that appellee, "under color of his office, employment, or authority, * * * knowingly deprive[d], or conspire[d] or attempt[ed] to deprive [appellant] of a constitutional or statutory right."  R.C. 2921.45(A).  In order for the trial court to issue a warrant for the arrest of appellee under R.C. 2921.31, appellant had to demonstrate there was probable cause that appellee, "without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, [did] any act that hamper[ed] or impede[d] a public official in the performance of the public official's lawful duties."  R.C. 2921.31(A).

{¶ 15} In his affidavit, appellant alleged appellee violated R.C. 2921.45 by putting forth a criminal defense he knew would lose and alleged appellee obstructed official business under R.C. 2921.31 by putting forth a criminal defense he knew would lose, lying to other court officials and concealing material facts, and allowing the court to abuse its authority.  These allegations appear to be grounded in appellant's belief that because appellant did not intend to kill *the victim*, appellant lacked the intent to be convicted of murder.  As further argued on appeal, appellant contends that the trial court abused its discretion in finding no probable cause to support appellee's violation of R.C. 2921.45 and/or 2921.31 since: the evidence of the case showed appellant accidentally shot the victim, thereby negating the purposeful element of murder; the state acknowledged appellant did not mean to shoot the victim; and appellee's inaction in combating the intent element either constituted ineffective assistance to the point of a crime or demonstrates a conspiracy between appellee and the state prosecutor.  For the following reasons, we disagree with appellant.

{¶ 16} First, appellant's allegations are premised on an incorrect legal conclusion. Appellant appears to believe that shooting and killing the "wrong" person equates to an

accident rather than purposeful murder, but he does not account for the doctrine of transferred intent. As described in *State v. Hill*, 10th Dist. No. 15AP-928, 2016-Ohio-5205, ¶ 10, under the doctrine of transferred intent, the intent element of a murder charge can be met where the evidence shows the defendant shot a gun at a person but that shot actually kills a different person. Under this doctrine, "the intent to harm the one person is transferred into an intent to harm the person actually harmed. * * * A purpose to kill the one, becomes the purpose to kill the other." *Id.*

{¶ 17} Second, we agree with the trial court's conclusion that appellant is essentially attempting to collaterally attack his criminal conviction, which we previously affirmed in *State v. Jones*, 10th Dist. No. 14AP-796, 2015-Ohio-2357, *appeal not accepted*, 143 Ohio St.3d 1501, 2015-Ohio-4468.[2] Appellant could have, but did not, raise the issue of the effectiveness of his counsel on direct appeal, and nothing alleged by appellant here establishes probable cause to believe his counsel's conduct rose to the level of criminality to support the R.C. 2935.09(D) affidavit.

{¶ 18} Finally, in regard to appellant's argument that the trial court should not have ordered the case transferred to the prosecutor's office, we note appellant did not assign this contention as an error for appellate review. "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b) (stating that "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"). Regardless, such a transfer is mandatory under the statute involved and, therefore, appellant's contention in this regard lacks merit. R.C. 2935.10; *Larrison I* at ¶ 16.

---

[2] We note that in the years spanning the 2015 direct appeal judgment and the present appeal, this court considered five appeals concerning postconviction relief and motions for new trial filed by appellant: *State v. Jones*, 10th Dist. No. 16AP-13, 2016-Ohio-5387 (affirming denial of motion for leave to file a delayed motion for a new trial based on newly discovered evidence); *State v. Jones*, 10th Dist. No. 16AP-128, 2017-Ohio-1121 (affirming denial of petition to vacate or set aside judgment of conviction based on ineffective assistance of counsel); *State v. Jones*, 10th Dist. No. 17AP-431, 2018-Ohio-306, *appeal not accepted*, 152 Ohio St.3d 1482, 2018-Ohio-1990 (affirming denial of motion for relief from judgment asserting fraud on the court had been committed at trial); *State v. Jones*, 10th Dist. No. 18AP-59, 2018-Ohio-3463, *appeal not accepted*, 154 Ohio St.3d 1501, 2019-Ohio-345 (affirming denial of second motion for leave to file a delayed motion for a new trial based on faulty jury instructions); *State v. Jones*, 10th Dist. No. 18AP-578, 2019-Ohio-1014, *appeal not accepted*, 156 Ohio St.3d 1478, 2019-Ohio-3148 (affirming denial of motion to vacate conviction and sentence).

{¶ 19} Considering all the above, we find the trial court in this case did not abuse its discretion in not issuing a warrant for appellee's arrest and ordering the cause transferred to the prosecutor pursuant to the mandate of R.C. 2935.10.

{¶ 20} Accordingly, appellant's assignments of error are overruled.

## V. CONCLUSION

{¶ 21} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, DORRIAN and NELSON, JJ., concur.

_____