**[Cite as *State v. Fraley*, 2020-Ohio-3763.]**

IN THE COURT OF APPEALS OF OHIO

TWELFTH APPELLATE DISTRICT

CLERMONT COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. CA2019-09-072 |
| v. | : | (M.C. No. 2019 PC 00003) |
| Linda L. Fraley, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee, | : | |
| [Christopher Hicks, | : | |
| Appellant]. | : | |

D E C I S I O N

Rendered on 7/20/2020

**On brief:** *Brafford & Rivello*, and *Suellen M. Brafford*, for appellant Christopher Hicks. **Argued:** *Christopher Hicks*, pro se.

**On brief:** *Strauss Troy Co., LPA*, *and Christopher R. McDowell* and *Jeffrey A. Levine*, for appellee Linda L. Fraley. **Argued:** *Christopher R. McDowell*.

**On brief:** *Dave Yost*, Attorney General, and *Brad L. Tammaro*, for appellee State of Ohio. **Argued:** *Brad L. Tammaro*.

APPEAL from the Clermont County Municipal Court

KLATT, J.

{¶ 1} Appellant, Christopher Hicks, appeals judgments of the Clermont County Municipal Court that (1) refused to issue an arrest warrant or summons in response to an

affidavit Hicks filed pursuant to R.C. 2935.09(D) that alleged the commission of a misdemeanor, and (2) awarded defendant-appellee, Linda Fraley, $7,818 in sanctions. For the following reasons, we affirm the former judgment, and we reverse the latter.

{¶ 2} On July 22, 2019, Hicks filed with the clerk of courts for the Clermont County Municipal Court an affidavit pursuant to R.C. 2935.09(D) charging that Fraley, the Clermont County auditor, had committed a criminal offense. In the affidavit, Hicks asserted that Fraley had violated R.C. 102.03(D), which provides, "[n]o public official or employee shall use or authorize the use of the authority or influence of office or employment to secure anything of value or the promise or offer of anything of value that is of such a character as to manifest a substantial and improper influence upon the public official or employee with respect to that person's duties." Hicks contended that Fraley ran afoul of R.C. 102.03(D) by personally conducting employment performance evaluations of Troy Bushman, a former Clermont County deputy auditor and Fraley's stepson. A violation of R.C. 102.03(D) is a first-degree misdemeanor. R.C. 102.99(B).

{¶ 3} The clerk forwarded Hicks' affidavit to the trial court, but all the judges of the court recused themselves from the matter, requiring the Supreme Court of Ohio to appoint a visiting judge to review the affidavit. The Clermont County prosecutor also recused himself, and the Ohio attorney general acted in his stead.

{¶ 4} The visiting judge scheduled a probable cause hearing regarding Hicks' affidavit for August 13, 2019. Prior to the hearing, Fraley moved for sanctions against Hicks pursuant to R.C. 2323.51 and Civ.R. 11. In her motion, Fraley pointed out that Hicks had already filed an R.C. 2935.09(D) affidavit regarding Fraley's employment of her stepson as a deputy auditor. On March 20, 2018, Hicks filed an affidavit claiming that Fraley had committed a fourth-degree felony and first-degree misdemeanor by securing Bushman's continuing employment, evaluating Bushman's employment performance, and terminating Bushman's employment. After reviewing that first affidavit, the trial court had referred the matter to the attorney general, who was acting as special prosecutor, for further investigation. The attorney general tasked the Bureau of Criminal Investigation ("BCI") with investigating Hicks' allegations. During the investigation, a BCI special agent interviewed both Bushman and Charles Tilbury, a former Clermont County chief deputy auditor and Bushman's former direct supervisor. Based on BCI's investigation, the attorney

general decided not to pursue a criminal prosecution of Fraley. Hicks, nevertheless, filed the affidavit in this case, which again sought charges against Fraley.

{¶ 5} Fraley stressed in her motion that Hicks' second affidavit merely reiterated a claim made in the first affidavit, and it relied entirely on evidence that the attorney general had already reviewed and found insufficient to establish probable cause that Fraley had committed a criminal offense. Fraley contended that sanctions were warranted to stop Hicks from using the judicial system for his own political gain and prevent him from bullying, harassing, and maliciously attacking Fraley. Thus, Fraley asked the trial court to award her reasonable attorney fees and expenses.

{¶ 6} In response, Hicks contended that the interview the BCI special agent had conducted of Bushman revealed that Fraley had violated R.C. 102.03(D) by evaluating Bushman's employment performance. Hicks also argued that R.C. 2323.51 and Civ.R. 11 applied exclusively to civil proceedings, but proceedings initiated with an affidavit filed pursuant to R.C. 2935.09(D) did not qualify as civil proceedings. Finally, Hicks characterized Fraley's motion as meritless, and he maintained that Fraley filed it solely to intimidate him and chill the exercise of the right of private citizens to file affidavits pursuant to R.C. 2935.09(D).

{¶ 7} At the August 13, 2019 probable cause hearing, the trial court heard from Hicks, an assistant attorney general, and counsel for Fraley. Relying heavily on the audio recordings of BCI's interviews with Bushman and Tilbury, Hicks argued that probable cause existed for the trial court to commence with criminal proceedings against Fraley. After reviewing Hicks' allegations, the assistant attorney general stated that the evidence did not establish probable cause that Fraley had violated the law. Fraley's attorney concurred with the assistant attorney general, and he asked the trial court to award Fraley sanctions. At the conclusion of the hearing, the trial court stated that Hicks' "motion [was] overruled," and it would grant sanctions. (Tr. at 33.) The trial court then directed Fraley's attorney to file an affidavit with the court itemizing his fees.

{¶ 8} After the hearing, the trial court issued an entry finding "[n]o pro[b]able cause for arrest and prosecution of Linda Fraley. Court orders sanctions against Mr. Hicks, amount to be determined." (Aug. 13, 2019 Entry.) Fraley then filed supplemental information regarding the sanctions, which included an itemized invoice that totaled

$7,818.  On August 29, 2019, the trial court issued an order that granted Fraley's motion for sanctions and required Hicks to pay Fraley $7,818.

{¶ 9}  Hicks now appeals the trial court judgments, and he assigns the following errors:

> [1.] THE TRIAL COURT ERRED BY NOT FINDING PROBABLE CAUSE IN THE PRIVATE CITIZEN AFFIDAVIT FILED BY APPELLANT HICKS.
>
> [2.] THE TRIAL COURT ERRED BY ORDERING CIVIL SANCTIONS AGAINST APPELLANT HICKS IN A CRIMINAL MATTER.
>
> [3.] THE TRIAL COURT ERRED BY NOT HOLDING A SEPARATE HEARING BEFORE THE IMPOSITION OF SANCTIONS AGAINST APPELLANT HICKS.

{¶ 10}  By his first assignment of error, Hicks argues that the trial court abused its discretion in not issuing an arrest warrant for Fraley given the allegations of wrongdoing in his R.C. 2935.09(D) affidavit.  We disagree.

{¶ 11}  R.C. 2935.09(D) authorizes a private citizen "who seeks to cause an arrest or prosecution" to "file an affidavit charging [an] offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate."  Courts read R.C. 2935.09(D) in pari materia with R.C. 2935.10, which prescribes the procedure to be followed once a citizen files an affidavit charging an offense. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, ¶ 12.  In relevant part, R.C. 2935.10 provides:

> (A) Upon the filing of an affidavit * * * provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge * * *, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.
>
> (B)  If the offense charged is a misdemeanor or violation of a municipal ordinance, such judge * * * may:

(1) Issue a warrant for the arrest of such person * * *;

(2) Issue summons, * * * commanding the person against whom the affidavit * * * was filed to appear forthwith, or at a fixed time in the future, before such court * * *.

{¶ 12} R.C. 2935.10(A) and (B) operate differently because division (A) mandates what a trial court "shall" do, while division (B) provides what a trial court "may" do. When used in a statute, the word "shall" generally renders the provision in which it is contained mandatory, while the word "may" generally renders a provision optional, permissive, or discretionary. *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971).

{¶ 13} If an R.C. 2935.09(D) affidavit charges a felony, R.C. 2935.10(A) directs a trial court "shall" take one of two actions: (1) issue a warrant for the arrest of the person charged in the affidavit, or (2) refer the matter to the prosecuting attorney for investigation if the trial court has reason to believe that the affidavit was not filed in good faith or the claim is not meritorious. *Brown* at ¶ 12. In other words, R.C. 2935.10(A) sets forth two options, i.e., warrant or referral, and imposes a mandatory obligation on a trial court to choose one of those two options.[1] *Hicks v. State*, 12th Dist. Clermont No. CA2018-04-022, 2018-Ohio-5298, ¶ 11; *In re Groves*, 4th Dist. Hocking No. 15CA23, 2016-Ohio-4793, ¶ 9-10.

{¶ 14} Under R.C. 2935.10(B), if the offense charged in the R.C. 2935.09(D) affidavit is a misdemeanor, a trial court "may" issue an arrest warrant or a summons. By employing the word "may," the General Assembly drafted a discretionary statute. R.C. 2735.10(B) permits, but does not require, the trial court to issue an arrest warrant for or summons to the alleged misdemeanant. *Metzenbaum v. Vitantonio*, 8th Dist. Cuyahoga No. 79477 (Feb. 7, 2002). Consequently, a trial court may exercise its discretion to decide that the allegations in an affidavit are insufficient to justify the issuance of either a warrant or summons.

{¶ 15} A trial court may only issue an arrest warrant or summons under R.C. 2935.10(B) upon a finding of probable cause. *Id. See generally State v. Hoffman*, 141 Ohio St.3d 428, 2014-Ohio-4795, ¶ 11-12 (holding that both the United States and Ohio Constitutions require probable cause for an arrest warrant to issue); *Centerville v. Reno*,

---

[1] Of course, a trial court exercises discretion in choosing which of the two options is appropriate.

2d Dist. Montgomery No. 19687, 2003-Ohio-3779, ¶ 16 ("A defendant has a constitutional right to a finding of probable cause before a warrant or summons is issued for him to answer."). Probable cause is generally defined as a reasonable ground for suspicion supported by facts and circumstances sufficiently strong to warrant a prudent person to believe that an accused person has committed an offense. *State v. Moore*, 12th Dist. Fayette No. CA2010-12-037, 2011-Ohio-4908, ¶ 38.

{¶ 16} An appellate court reviews a trial court's decision not to issue an arrest warrant based on an accusation asserted in an R.C. 2935.09(D) affidavit under an abuse of discretion standard. *Jones v. Thomas*, 10th Dist. Franklin No. 19AP-401, 2019-Ohio-5000, ¶ 7; *Johnson v. Archer*, 5th Dist. Delaware No. 17CAE060039, 2017-Ohio-8209, ¶ 10. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} In the case at bar, Hicks' affidavit asserted that Fraley violated R.C. 102.03(D) by personally evaluating the employment performance of her stepson. As we stated above, R.C. 102.03(D) states that "[n]o public official or employee shall use or authorize the use of the authority or influence of office or employment to secure anything of value or the promise or offer of anything of value that is of such a character as to manifest a substantial and improper influence upon the public official or employee with respect to that person's duties." The Ohio Ethics Commission has interpreted this statutory provision to prohibit public officials from using their public positions to secure employment-related benefits for their family members because such benefits are things of value that could impair an official's objectivity and independence of judgment with respect to his or her public duties. Ohio Ethics Commission Advisory Opinion No. 2010-03 (May 25, 2010). Consequently, officials may not take any action within the scope of their public authority to obtain any job-related benefits, including raises, promotions, job advancements, overtime pay or assignment, or favorable performance evaluations, for a family member.[2] *Id.* This prohibition extends to stepchildren. Ohio Ethics Commission Advisory Opinion No. 2008-03 (Nov. 12, 2008).

---

[2] However, a public official may take actions that affect all employees, including the official's family member, in the same manner. *Id.*

{¶ 18} In 2002, Fraley hired Bushman as a deputy auditor when she became a deputy registrar for the Bureau of Motor Vehicles.  As a deputy auditor, Bushman managed a deputy registrar license agency for the Bureau of Motor Vehicles.  In March 2005, Fraley married Bushman's father, making her Bushman's stepmother.  According to Hicks' R.C. 2935.09(D) affidavit, Fraley personally conducted Bushman's employment evaluations for the periods of November 2004 to October 2005 ("the 2005 evaluation") and November 2005 to October 2006 ("the 2006 evaluation").  To support this allegation, Hicks attached to his affidavit copies of each evaluation and the audio recording of Bushman's BCI interview.  Hicks later introduced into the record the audio recording of the interview a BCI special agent conducted of Tilbury, who had directly supervised Bushman.

{¶ 19} In their BCI interviews, both Bushman and Tilbury stated that Tilbury—not Fraley—completed the 2005 and 2006 performance evaluations.  Tilbury emphasized that Fraley had no input into Bushman's performance evaluations.  While Fraley signed Bushman's performance evaluations, she signed the evaluations of all employees of the auditor's office.

{¶ 20} In his interview, Bushman told the BCI special agent that "a couple of times" after Tilbury had completed his performance evaluation, Fraley had "sat with" him to discuss the evaluation and wrote down "little notes."  (Hicks' Ex. 6.)  That apparently happened with the 2005 evaluation.  Bushman identified the written comments at the bottom of the last page of the 2005 evaluation as a list, in Fraley's handwriting, of the work matters they had discussed.  The list includes such items as "ATM machine," which according to Bushman referred to the ATM machine he had wanted to install at the agency, "clean up around [building]," "new hires," "plan [an employee's] retirement," and "storage issues."  (Hicks' Ex. 4.)

{¶ 21} Given this evidence, we cannot find the trial court abused its discretion in finding no probable cause to issue an arrest warrant or summons for a violation of R.C. 102.03(D).  There is no evidence that Fraley actually evaluated Bushman's employment performance.  Rather, she discussed the results of the evaluation and ongoing work issues with Bushman after Tilbury completed the evaluation.  Fraley, therefore, did not use her authority or influence of office to obtain any job-related benefits for Bushman.  Accordingly, we overrule Hicks' first assignment of error.

{¶ 22} By Hicks' second assignment of error, he argues that the trial court erred in awarding sanctions against him. We agree.

{¶ 23} The trial court did not specify the grounds on which it awarded sanctions to Fraley. Fraley moved for sanctions under both R.C. 2323.51 and Civ.R. 11. While the trial court granted that motion in its August 29, 2019 order, the court did not clarify whether it was awarding sanctions under R.C. 2323.51 or Civ.R. 11 (or both) nor why Hicks' conduct warranted an award of sanctions.

{¶ 24} In the end, however, the basis for the trial court's award of sanctions is immaterial to our analysis. As Hicks argues, both R.C. 2323.51 and Civ.R. 11 apply only to civil actions. R.C. 2323.51(B)(1) permits a trial court to assess and make an award of reasonable attorney fees and expenses "to any party to [a] civil action or appeal." Civ.R. 11, as an Ohio Rule of Civil Procedure, applies only when courts exercise "civil jurisdiction at law or in equity." Civ.R. 1(A). A "civil action" is "[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation." *Black's Law Dictionary* (11th Ed.2019) (specifically defining "civil action" within in the definition of "action").

{¶ 25} An affidavit filed pursuant to R.C. 2935.09(D) seeks to cause a person's arrest and criminal prosecution. Such an affidavit cannot be used to obtain a private remedy or enforce a private right of action, so it cannot originate a civil action. To the contrary, by filing an R.C. 2935.09(D) affidavit, a private citizen initiates a proceeding that has the capacity to become a criminal action, if the prosecuting attorney files a complaint based on the allegations contained in the affidavit. *See Washington Court House v. Myers*, 12th Dist. Fayette No. CA2018-12-027, 2019-Ohio-4914, ¶ 17 (stating that if the prosecuting attorney commences a prosecution based on an R.C. 2935.09(D) affidavit, generally, " 'the affidavit is incorporated in a formal complaint filed by the prosecuting attorney' "). Thus, in adopting R.C. 2935.09(D) and 2935.10(A) and (B), the General Assembly has created a proto-criminal action, a statutory stage that precedes the potential commencement of a criminal action. Given the nature and purpose of the R.C. 2935.09(D) affidavit, the proceedings following the filing of an such affidavit are not civil in nature.

{¶ 26} Here, with his R.C. 2935.09(D) affidavit, Hicks did not seek his own private recovery, but rather, he sought to compel the state to prosecute an offense against the public. Hicks, therefore, did not initiate a civil action with his affidavit. Absent such an

action, the trial court erred in awarding Fraley sanctions under R.C. 2323.51 and/or Civ.R. 11.

{¶ 27} The state argues that the trial court found Hicks in contempt of court and properly sanctioned him on that basis. Fraley did not move to hold Hicks in contempt of court nor did the trial court find Hicks in contempt of court.[3] We thus reject the state's argument as an after-the-fact justification for the trial court's award of sanctions.

{¶ 28} In sum, neither R.C. 2323.51 nor Civ.R. 11 apply to the case at bar. Consequently, the trial court could not award Fraley her attorney fees under either the statute or rule. We thus sustain Hicks' second assignment of error.

{¶ 29} By Hicks' third assignment of error, he argues that the trial court erred in not holding a separate hearing before imposing sanctions against him. Our conclusion that the trial court erred in awarding those sanctions in the first place renders the third assignment of error moot. Therefore, we do not address it.

{¶ 30} For the foregoing reasons, we overrule the first assignment of error, and we sustain the second assignment of error, which renders the third assignment of error moot. We affirm the judgment of the Clermont County Municipal Court finding no probable cause to arrest Fraley, but we reverse the judgment awarding Fraley sanctions.

*Judgment affirmed; judgment reversed.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

_____

KLATT, J., of the Tenth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

SADLER, P.J., of the Tenth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

LUPER SCHUSTER, J., of the Tenth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

---

[3] At oral argument, Fraley's attorney represented that he orally moved to hold Hicks in contempt of court. According to the transcript of the August 13, 2019 hearing, Fraley's attorney stated, "I find [Hicks'] conduct to be contentious to the Court," and suggested that the trial court might want to take a "belt[-]and[-]suspenders approach" to ruling on the motion for sanctions. (Tr. at 37.) We do not interpret these comments as a motion requesting the trial court to hold Hicks in contempt of court, even if the court reporter misheard the attorney and he actually stated Hicks' conduct was "contemptuous" instead of "contentious."