[Cite as *State ex rel. Jones v. Woods*, 2016-Ohio-8342.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. [Antonio] Jones, | : | |
| Relator, | : | |
| v. | : | No. 16AP-25 |
| Court of Common Pleas, Judge [William H. Woods], | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on December 22, 2016

**On brief:** *Antonio Jones*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Scott J. Gaugler*, for respondent.

IN MANDAMUS

DORRIAN, P.J.

{¶ 1} In this original action, relator, Antonio Jones, an inmate of the Ross Correctional Institution, requests a writ of mandamus ordering respondent, the Honorable William H. Woods, a judge of the Franklin County Court of Common Pleas, to rule on his June 4, 2015 petition for postconviction relief that relator filed in the common pleas court in case No. 13CR-2345.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends that this court grant respondent's motion for summary judgment as respondent ruled on relator's petition on February 12, 2016 and relator has already received the relief that he seeks in this action.

{¶ 3}  No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}  No error of law or other defect is evident on the face of the magistrate's decision.  Therefore, we adopt the findings of fact and conclusions of law contained therein.  Accordingly, respondent's motion for summary judgment is granted and the request for a writ of mandamus is denied.

*Writ of mandamus denied.*

TYACK and BROWN, JJ., concur.

————————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. [Antonio] Jones, | : | |
| Relator, | : | |
| v. | : | No. 16AP-25 |
| Court of Common Pleas, Judge Woods, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on March 28, 2016

*Antonio Jones,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Scott J. Gaugler,* for respondent.

### IN MANDAMUS
### ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

{¶ 5} In this original action, relator, Antonio Jones, an inmate of the Ross Correctional Institution ("RCI"), requests a writ of mandamus ordering respondent, the Honorable William H. Woods, a judge of the Franklin County Court of Common Pleas, to rule on his June 4, 2015 petition for postconviction relief that relator filed in the common pleas court in case No. 13CR-2345.

Findings of Fact:

{¶ 6} 1. On January 13, 2016, relator, an RCI inmate, filed this original action against respondent. In his complaint, relator requests a writ of mandamus ordering respondent to rule upon his June 4, 2015 petition for postconviction relief that relator filed in the common pleas court in case No. 13CR-2345.

{¶ 7}   2. On February 12, 2016, respondent moved for summary judgment.   In support, respondent submitted a certified copy of his entry filed in the common pleas court on February 12, 2016.   The entry denies relator's June 4, 2015 petition for postconviction relief.

{¶ 8}   3. On February 16, 2016, the magistrate issued notice that respondent's motion for summary judgment is set for submission to the magistrate on March 7, 2016.

{¶ 9}   4. Relator has not responded to respondent's motion for summary judgment.

Conclusions of Law:

{¶ 10} It is the magistrate's decision that this court grant respondent's motion for summary judgment.

{¶ 11} In this original action, relator seeks a writ of mandamus ordering respondent to rule on his June 4, 2015 petition for postconviction relief.   Respondent ruled upon relator's petition on February 12, 2016.   Accordingly, relator has received the relief that he seeks in this action.

{¶ 12} Mandamus does not lie to compel an act that has already been performed. *State ex rel. Scruggs v. Sadler,* 102 Ohio St.3d 160, 2004-Ohio-2054.

{¶ 13} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner*, 67 Ohio St.3d 337, 339-40 (1993); *Bostic v. Connor*, 37 Ohio St.3d 144, 146 (1988); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).  The moving party bears the burden of proving no genuine issue of material fact exists.  *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 14} Clearly, respondent is entitled to judgment as a matter of law.

{¶ 15} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).