[Cite as *State ex rel. Jones v. McIntosh*, 2019-Ohio-3865.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. Antonio M. Jones,    :

        Relator,               :

                              :           No. 19AP-32

v.                              :

Franklin County Common Pleas      :          (REGULAR CALENDAR)
Judge Stephen L. McIntosh,

                              :

        Respondent.

                              :

D E C I S I O N

Rendered on September 24, 2019

**On brief:** *Antonio M. Jones*, pro se.

IN PROCEDENDO
ON SUA SPONTE DISMISSAL AND
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, Antonio M. Jones, an inmate incarcerated at Chillicothe Correctional Institution, has filed an original action requesting that this court issue a writ of procedendo ordering respondent Stephen L. McIntosh, the administrative judge of the Franklin County Court of Common Pleas, to rule on relator's application to cause arrest or prosecution.

{¶ 2} Relator's affidavit and application were filed on August 23, 2018 pursuant to R.C. 2935.09, and asserted that his criminal trial attorney had committed the offenses of interference with civil rights and obstruction of official business during the defense of his criminal case in 2014. Rather than being referred to the respondent as administrative judge for review and ruling, the application and affidavit were docketed by the clerk of the court

of the court of common pleas as a civil case, which was assigned to Judge Julie M. Lynch. *See Jones v. Thomas*, Franklin C.P. No. 18CV-7218. On January 14, 2019, relator filed this action and requested summary judgment, arguing that he was entitled to the writ because the trial court had taken no action on his affidavit and application within 120 days.

{¶ 3} Pursuant to Civ.R. 53 and Loc.R.13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. On May 31, 2019, the magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended that this court sua sponte dismiss relator's action as premature, since the civil case was proceeding timely according to the trial court's schedule. (Mag.'s Decision at ¶ 14-16.)

{¶ 4} Relator filed an objection to the magistrate's decision on June 12, 2019, arguing that the magistrate's decision was "based upon misinformation * * * as relator's [sic] originally filed a criminal affidavit pursuant to R.C. § 2935.09 against his former defense counsel * * * [and] has never requested monetary damages." (June 12, 2019 Objs. to Mag.'s Decision at 1.)

{¶ 5} But two days earlier, Judge Lynch had ruled on the merits of relator's underlying affidavit and application and held that there was no probable cause to issue a warrant, that relator's affidavit was not made in good faith, and also that the filing was in substance a collateral attack on relator's criminal conviction. (June 10, 2019 Decision & Order, Franklin C.P. No. 18CV-7218.) On June 25, 2019, relator filed an appeal of that judgment to this court, and the case is now being briefed. (Notice of Appeal in case No. 19AP-401.) Relator's substantive claims regarding his affidavit and application will therefore be resolved by this court in the direct appeal of that case.

{¶ 6} Under Ohio law, procedendo will not lie to compel an act that has already been performed. *See, e.g.*, *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1. As Judge Lynch has now ruled on relator's application and affidavit, relator's request for a writ of procedendo to issue a ruling on that application is moot. Accordingly, we sua sponte dismiss this cause.

{¶ 7}   Based on the foregoing, the decision of the magistrate is vacated and relator's objection is moot.   Relator's request for a writ of procedendo and motion for summary judgment are dismissed as moot.

*Cause dismissed.*

SADLER and BRUNNER, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Antonio M. Jones, | : | |
| Relator, | : | |
| v. | : | No.  19AP-32 |
| Franklin County Common Pleas | : | |
| Judge Stephen L. McIntosh, | | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 31, 2019

*Antonio M. Jones,* pro se.

IN PROCEDENDO
ON SUA SPONTE DISMISSAL AND
RELATOR'S MOTION FOR SUMMARY JUDGMENT

{¶ 8}   Relator, Antonio M. Jones, has filed this original action requesting this court issue a writ of procedendo ordering respondent, Stephen L. McIntosh, judge of the Franklin County Court of Common Pleas, to rule on his motion filed August 23, 2018 in his underlying criminal case.

Findings of Fact:

{¶ 9}   1.  Relator is an inmate currently incarcerated at Chillicothe Correctional Institution.

{¶ 10}   2.  Relator filed this original action against respondent on January 14, 2019.

{¶ 11} 3. Relator's underlying case is *Jones v Thomas,* Franklin C.P. No. 18CV-7218.

{¶ 12} 4. A review of the Franklin County Case Information Online docket shows the trial court has set a schedule for the case, specifically:

```
****        INITIAL STATUS CONFERENCE
01/10/19    INITIAL JOINT DISCLOSURE OF ALL WITNESSES
03/07/19    SUPPLEMENTAL   JOINT   DISCLOSURE   OF   ALL
WITNESSES
05/30/19    DISPOSITIVE MOTIONS
06/13/19    DISCOVERY CUT-OFF
07/25/19    DECISIONS ON MOTIONS
08/08/19    FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH)
08/27/19    TRIAL ASSIGNMENT
```

{¶ 13} 5. Relator has filed a motion for summary judgment in which he asserts that respondent must rule on his motion filed August 23, 2018 within 120 days. Having failed to do so, relator asserts it is clear he is entitled to the requested writ.

Conclusions of Law:

{¶ 14} For the reasons that follow, it is this magistrate's decision that this court should sua sponte dismiss relator's procedendo action as it is premature.

{¶ 15} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 16} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 17} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 18} As an initial matter, it appears that relator has confused the filing of a motion (perhaps in his underlying criminal case) with the civil complaint he filed against his attorney on August 23, 2018. There is no motion filed August 23, 2018—it is a civil complaint. Respondent is not required to bring the civil action to resolution within 120 days. As such, relator's motion for summary judgment is denied.

{¶ 19} As can be seen from a review of the Case Information Online for relator's underlying civil case, the trial court has set a schedule and relator has not indicated that the trial court is not keeping to that schedule. The trial court has not refused to act in accordance with the schedule which the court set forth and relator has not asserted that the trial court has failed to proceed. Relator is asking this court to order the trial judge to rule in his favor, by granting his motion, and immediately cause the arrest and prosecution of the defendant named in the complaint. Finding that the trial court has not unreasonably delayed any of the proceedings, the magistrate finds that relator's procedendo action is premature and this court should sua sponte dismiss his complaint. Further, inasmuch as relator has not prevailed, this court should order the clerk to deduct from relator's inmate account periodic payments until the filing fee is paid in full.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).