[Cite as *State ex rel. Jones v. Hogan*, 2021-Ohio-526.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Antonio Jones, | : | |
| Relator, | : | |
| v. | : | No. 20AP-319 |
| Franklin County Common Pleas Judge Daniel Hogan, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on February 25, 2021

**On brief:** *Antonio Jones*, pro se.

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Arthur J. Marziale, Jr.*, for respondent.

IN MANDAMUS AND PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

LUPER SCHUSTER, J.

{¶ 1} Relator, Antonio Jones, initiated this original action requesting that this court issue a writ of mandamus and prohibition ordering respondent, retired Judge Daniel Hogan of the Franklin County Court of Common Pleas, to vacate relator's 2014 murder conviction and to grant relator a new trial on reduced charges or re-sentence relator on the lesser-included offense of manslaughter.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate recommends this court grant respondent's Civ.R. 12(B)(6) motion to dismiss, concluding

that res judicata bars relator's action in mandamus and that relator's action in prohibition fails to make any allegation that respondent has acted or is about to take action in a manner necessitating prohibition.

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   Finding no error or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with  the magistrate's decision, we grant respondent's motion to dismiss relator's request for a writ of mandamus and prohibition.

*Motion granted; case dismissed.*

DORRIAN, P.J., and SADLER, J., concur.

———————————————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Antonio Jones,                    :

        Relator,                                :

v.                                              :                    No.  20AP-319

Franklin County Common Pleas                    :                    (REGULAR CALENDAR)
Judge Daniel Hogan,
                                                :
        Respondent.
                                                :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 14, 2020

---

*Antonio Jones,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

---

IN MANDAMUS AND PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}   Relator, Antonio Jones, filed his complaint seeking writs of mandamus and prohibition ordering respondent, retired Judge Daniel Hogan of the Franklin County Court of Common Pleas, to vacate relator's conviction for murder, and grant relator a new trial on reduced charges or re-sentence relator on the lesser included offense of manslaughter.

Findings of Fact:

{¶ 6}   1. Relator was convicted of murder and sentenced by respondent on September 15, 2014 in common pleas case No. 13CR-2345.

{¶ 7}    2. Respondent retired from the bench later in 2014, and although respondent has since returned to the bench to sit by assignment, he has not participated in any of relator's post-conviction proceedings. These were heard by Judge William H. Woods.

{¶ 8}    3. This court affirmed relator's conviction on direct appeal. *State v. Jones*, Tenth Dist. No. 14AP-796, 2015-Ohio-2357.

{¶ 9}    4. Over the ensuing years, this court considered further appeals concerning postconviction relief and motions for new trial filed by relator: *State v. Jones*, 10th Dist. No. 16AP-13, 2016-Ohio-5387 (affirming denial of motion for leave to file a delayed motion for a new trial based on newly discovered evidence); *State v. Jones*, 10th Dist. No. 16AP-128, 2017-Ohio-1121 (affirming denial of petition to vacate or set aside judgment of conviction based on ineffective assistance of counsel); *State v. Jones*, 10th Dist. No. 17AP-431, 2018-Ohio-306, appeal not accepted, 152 Ohio St.3d 1482, 2018-Ohio-1990 (affirming denial of motion for relief from judgment asserting fraud on the court had been committed at trial); *State v. Jones*, 10th Dist. No. 18AP-59, 2018-Ohio-3463, appeal not accepted, 154 Ohio St.3d 1501, 2019-Ohio-345 (affirming denial of second motion for leave to file a delayed motion for a new trial based on faulty jury instructions); *State v. Jones*, 10th Dist. No. 18AP-578, 2019-Ohio-1014, appeal not accepted, 156 Ohio St.3d 1478, 2019-Ohio-3148 (affirming denial of motion to vacate conviction and sentence).

{¶ 10}    5. This court also affirmed the court of common pleas in *Jones v. Thomas*, 10th Dist. No. 19AP-401, 2019-Ohio-5000, appeal not accepted, 158 Ohio St.3d 1505, 2020-Ohio-2819, finding that the trial court had not abused its discretion in refusing to issue a warrant for the arrest of relator's original criminal defense counsel, whom relator accused of criminal conduct based on counsel's choice of defense strategy.

{¶ 11}    6. This court has refused to grant writs requested by relator in *State ex rel. Jones v. Woods*, Tenth Dist. No. 15AP-1042 (April 12, 2016 memorandum decision); *State ex rel. Jones v. Woods*, Tenth Dist. No. 16AP-25, 2016-Ohio-8342; and *State ex rel. Jones v. McIntosh*, 10th Dist. No. 19AP-32, 2019-Ohio-3865.

{¶ 12}    7. Relator filed his latest complaint in mandamus and prohibition in this court on June 16, 2020.

{¶ 13}  8.  Relator's complaint asserts that his conviction must be vacated due to fraud committed by the presiding judge and prosecution, who disregarded evidence that relator shot at one person in self-defense but instead accidentally hit a bystander, so that a theory of transferred justification, analogous to the more typical transferred intent, should have applied to nullify the mens rea required to establish guilt.

{¶ 14}  9.  Respondent filed a motion to dismiss on July 20, 2020, asserting that relator's claims are barred by operation of res judicata.

{¶ 15}  10.  The Supreme Court of Ohio's procedural stay on pending court matters arising out of the COVID-19 health emergency expired on July 30, 2020.  Relator has not filed a memorandum in opposition to the motion to dismiss.

Discussion and Conclusions of Law:

{¶ 16}  A Civ.R. 12(B)(6) motion is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), *citing Assn. for Defense of Washington Loc. School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). The court may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 17}  A court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988).  "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss."  *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).  The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 18}  Courts may take judicial notice of appropriate matters in considering a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12 (1996). The Supreme Court of Ohio has also held that a court may take judicial notice of court records in related

cases. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8; *State ex rel. Harsh v. Mohr*, 10th Dist. No. 13AP-403, 2013-Ohio-4218.

{¶ 19} The magistrate accordingly takes judicial notice of the extensive case history outlined above and the dispositions rendered therein.

{¶ 20} Relator's arguments here have been made and rejected repeatedly in his prior actions. His complaint raises no new, unexplored, or unresolved issues. His arguments regarding accident and lack of intent were rejected on direct appeal and in postconviction judgments affirmed by this court. Res judicata bars relator's action in mandamus because he has no clear legal right to disturb the law of the case in his criminal proceedings. *State ex rel. Johnson v. Bur. of Sentence Computation*, 10th Dist. No. 18AP-351, 2018-Ohio-4338, ¶ 7*; State ex rel. Harris v. McIntosh*, 10th Dist. No. 12AP-10, 2012-Ohio-5472, ¶ 3. Moreover, his action in prohibition fails simply because he has articulated no claim that respondent, or respondent's successor judge in the criminal case, is poised to act without jurisdiction.

{¶ 21} It is therefore the magistrate's decision that respondent's motion to dismiss should be granted and the requested writs accordingly denied.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).