[Cite as *State ex rel. Jones v. Franklin Cty. Common Pleas Court Adm. Judge*, 2022-Ohio-1296.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Antonio Jones, | : | |
| Relator, | : | |
| v. | : | No. 21AP-662 |
| Franklin County Common Pleas Court Administrative Judge, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on April 19, 2022

*Antonio Jones*, pro se.

IN PROCEDENDO
ON OBJECTION TO THE MAGISTRATE'S DECISION

NELSON, J.

{¶ 1} Relator Antonio Jones, an inmate at Chillicothe Correctional Institution, has filed an original action requesting a writ of procedendo ordering respondent, Judge Stephen McIntosh of the Franklin County Court of Common Pleas, to rule on a pending motion in Franklin C.P. No. 20CV-1621.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued the appended decision, including findings of fact and conclusions of law. The magistrate recommends that this court of its own accord dismiss Mr. Jones's action for failure to comply with the mandatory requirements of R.C. 2969.25(A). Specifically, the magistrate finds that Mr. Jones has "commenced at least one civil action in the prior five years (the action to which he wishes this court to direct a writ) and failed to provide an R.C. 2969.25(A) affidavit when filing his

complaint in this court." (Mag.'s Decision, App'x at ¶ 16.)   The magistrate therefore determines that Mr. Jones's "complaint must be dismissed." *Id.*

**{¶ 3}**   Mr. Jones objects to the magistrate's decision, asserting that he "did not need to file a R.C. 2969.25(A) document because this was not a civil matter." (Relator's Obj. at 1.)   He acknowledges that he "completely understands that a R.C. 2969.25 affidavit is suppose[d] to be filed at the time a[n] inmate commence[s] a civil filing"; he "states that one was drafted up and given to staff at the time the document was mailed," but that he does not "know how such document did not accompany the writ." *Id.* at 2.

**{¶ 4}**   R.C. 2969.25(A) provides in part: "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Such affidavit must include "the following information for each of those civil actions or appeals: (1) a brief description of the nature of the civil action or appeal, (2) the case name, case number, and the court in which the civil action or appeal was brought, (3) the name of each party to the civil action or appeal, and (4) the outcome of the civil action or appeal." *State ex rel. Harsh v. Mohr*, 10th Dist. No. 13AP-403, 2013-Ohio-4218, ¶ 4, citing R.C. 2969.25(A)(1) through (4).

**{¶ 5}**   Under Ohio law, "[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5, citing *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 286 (1997).  *See also Arega v. Coleman*, 10th Dist. No. 15AP-629, 2015-Ohio-5242, ¶ 11.

**{¶ 6}**   Mr. Jones's underlying action in the court of common pleas involves an "affidavit by accusation," seeking the arrest of a private citizen pursuant to R.C. 2935.09(D). Even accepting Mr. Jones's contention that his underlying action is not a "civil matter," *see, e.g., State v. Fraley*, 12th Dist. No. CA2019-09-072, 2020-Ohio-3763, ¶ 25 (characterizing a proceeding under R.C. 2935.09(D) as a "proto-criminal action, a statutory stage that precedes the potential commencement of a criminal action"), we take judicial notice of the fact Mr. Jones has filed several civil actions within the past five years.  These include cases in this court. *See, e.g., State ex rel. Jones v. McIntosh*, 10th Dist. No. 19AP-32, 2019-Ohio-

3865 (dismissing as moot relator's original action requesting writ of procedendo); *State ex rel. Jones v. Hogan*, 10th Dist. No. 20AP-319, 2021-Ohio-526 (dismissing relator's original action requesting writ of mandamus and prohibition); *State v. Jones*, 10th Dist. No. 18AP-578, 2019-Ohio-1014 (affirming denial of successive motion for postconviction relief); *State ex rel. Jones v. Court of Common Pleas*, 10th Dist. No. 16AP-25, 2016-Ohio-8342 (denying relator's request for writ of mandamus to compel respondent judge to rule on petition for postconviction relief).

{¶ 7}  Notwithstanding the magistrate's focus on the underlying "action to which [Mr. Jones] wishes this court to direct a writ," we agree with the magistrate's ultimate determination that Mr. Jones has commenced at least one civil action or appeal in the five years preceding the action we address here and, therefore, that Mr. Jones's failure to provide an affidavit as required by R.C. 2969.25(A) warrants dismissal.  Accordingly, we modify the magistrate's decision to reflect our judicial notice that Mr. Jones has failed to list all civil actions filed in the last five years.  Mr. Jones's objection, based on the claim that he was not required to file an R.C. 2969.25(A) affidavit, is overruled.

{¶ 8}  Upon independent review of the record, we adopt the magistrate's decision as modified, including the findings of fact and conclusions of law.  In accordance with that modified decision, and having overruled relator Jones's objection, we dismiss this action sua sponte.

*Relator's objection overruled; action dismissed.*

SADLER and JAMISON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District,
assigned to active duty under the authority of the Ohio
Constitution, Article IV, Section 6(C).

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Antonio Jones, | : | |
| Relator, | : | |
| v. | : | No. 21AP-662 |
| Franklin County Common Pleas Court Administrative Judge, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 13, 2021

---

*Antonio Jones,* pro se.

---

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

{¶ 9}   Relator, Antonio Jones, an inmate in the custody of the Ohio Department of Rehabilitation and Corrections, commenced this original action seeking a writ of procedendo ordering respondent, Judge Stephen McIntosh of the Franklin County Court of Common Pleas, to rule on a pending motion in case No. 20CV-1621. The magistrate sua sponte dismisses relator's complaint for failure to comply with the inmate-litigant filing requirements of R.C. 2969.25(A).

Findings of Fact:

{¶ 10}   1. Relator filed his complaint in procedendo in this court on December 9, 2021. The complaint alleges that respondent has unreasonably delayed ruling on a motion filed by relator in case No. 20CV-1621.

{¶ 11} 2. Relator's complaint attaches an affidavit of indigency seeking a waiver of filing fees.

{¶ 12} 3. Relator's complaint does not include an affidavit to comply with the inmate filing requirements of R.C. 2969.25(A) listing all civil actions and appeals filed by relator in the previous five years.

Discussion and Conclusions of Law:

{¶ 13} The magistrate sua sponte dismisses this action for failure to comply with R.C. 2969.25(A), which imposes clear requirements on inmates commencing a civil action or appeal. R.C. 2969.25(A) states as follows:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 14} Thus, R.C. 2969.25(A) requires an inmate to file an affidavit listing each civil action or appeal of a civil action he has filed in the previous five years in any state or federal court, as well as information regarding the outcome. This court has noted that " '[c]ompliance with R.C. 2969.25(A) is mandatory and failure to comply subjects an inmate's action to dismissal.' " *Arega v. Coleman*, 10th Dist. No. 15AP-629, 2015-Ohio-

5242, ¶ 11, quoting *Morris v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 05AP-596, 2005-Ohio-6306, ¶ 6. Further, "the affidavit required by R.C. 2969.25(A) must be filed at the time an inmate commences the civil action or appeal," and the "belated attempt to file the required affidavit does not excuse noncompliance." *State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871, ¶ 4.

{¶ 15} If the inmate has no prior civil actions to list, no R.C. 2969.25(A) affidavit need be filed. In such cases, however, the inmate must file a statement with his complaint declaring that there are no prior civil actions to list. Failure to include such a statement is grounds for dismissal under the same conditions as an incomplete or absent affidavit where one would be required. *Kachermeyer v. Tolson*, 10th Dist. No. 01AP-1186 (April 30, 2002).

{¶ 16} As set forth in the facts above, it is beyond dispute in the present case that relator commenced at least one civil action in the prior five years (the action to which he wishes this court to direct a writ) and failed to provide an R.C. 2969.25(A) affidavit when filing his complaint in this court. The magistrate therefore finds that relator's complaint must be dismissed.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).