[Cite as *State ex rel. Jones v. McIntosh*, 2023-Ohio-496.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Antonio Jones, | : | |
| Relator, | : | |
| v. | : | No. 22AP-269 |
| Franklin County Common Pleas Court Administrative Judge Mr. Stephen McIntosh, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on February 21, 2023

*Antonio Jones*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Charles R. Ellis*, for respondent.

IN PROCEDENDO
ON MOTIONS

JAMISON, J.

{¶ 1} Relator, Antonio Jones, an inmate in the custody of the Ohio Department of Rehabilitation and Correction, has filed an original action requesting this court issue a writ of procedendo ordering respondent, a judge of the Franklin County Court of Common Pleas, to rule on an affidavit of accusation. Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to comply with R.C. 2969.25(A). Relator has filed a motion to strike respondent's reply to relator's response to respondent's motion to dismiss.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the

appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion to dismiss, deny relator's motion to strike, and deny relator's request for a writ of procedendo.  Relator filed no objections.

{¶ 3}   "If no timely objections are filed, the court may adopt a magistrate's decision unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). *See, e.g.*, *State ex rel. Armengau v. French*, 10th Dist. No. 16AP-223, 2016-Ohio-5342, ¶ 3 (Finding no error or other defect on the face of the magistrate's decision, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law.).  "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."  Civ.R. 53(D)(4)(b).

{¶ 4}   We note that the magistrate's decision contains a typographical error in findings of fact at appendix paragraph 8, wherein it refers to a case termination date of January 28, 2021 as January 28, 2020.  We also note that case No. 16AP-25 was filed on January 13, 2016, which is outside the five-year lookback provision of R.C. 2969.25(A), but the other listed cases were filed inside the period.

{¶ 5}   Upon review, and other than the two obvious errors above, we find no other error in the magistrate's findings of fact or conclusions of law.  Therefore, except for correcting the errors, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein.  In accordance with the magistrate's decision, respondent's motion to dismiss is granted, relator's motion to strike is denied, and this action is dismissed.

*Motion to dismiss granted; motion to strike denied;*
*action dismissed.*


DORRIAN and BOGGS, JJ., concur.

———————————

# APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Antonio Jones, | : | |
| Relator, | : | |
| v. | : | No.  22AP-269 |
| Franklin County Common Pleas Court Administrative Judge Mr. Stephen McIntosh, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on November 15, 2022

---

*Antonio Jones*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Charles R. Ellis*, for respondent.

---

### IN PROCEDENDO
### ON MOTIONS

{¶ 6}    Relator, Antonio Jones, an inmate in the custody of the Ohio Department of Rehabilitation and Correction, commenced this original action seeking a writ of procedendo ordering respondent, Judge Stephen McIntosh of the Franklin County Court of Common Pleas, to rule on a pending February 19, 2021, affidavit of accusation filed in Franklin C.P. No. 20CV-1621. Respondent has filed a motion to dismiss relator's complaint

for failure to comply with the filing requirements of R.C. 2969.25(A). Relator has filed a motion to strike respondent's reply to relator's response to respondent's motion to dismiss.

Findings of Fact:

{¶ 7}   1. At the time of the filing of his complaint, relator was an inmate incarcerated at Chillicothe Correctional Institution.

{¶ 8}   2. Respondent is a judge in the Franklin County Court of Common Pleas and presides over Franklin C.P. No. 20CV-1621 ("*Jones I*"). In that case, on February 26, 2020, relator filed an affidavit of accusation pursuant to R.C. 2935.09 and 2935.10. On December 6, 2020, respondent issued a notice, ordering relator show good cause within 10 days as to why the case should not be dismissed based upon relator's failure to obtain service against the named defendant. On January 28, 2020, respondent dismissed relator's action based upon relator's failure to obtain service upon the named defendant.

{¶ 9}   3. On February 19, 2021, in *Jones I*, relator filed another affidavit of accusation pursuant to R.C. 2935.09 and 2935.10 against the same named defendant.  On October 29, 2021, relator filed a memorandum in support of writ of procedendo in case No. 20CV-1621, requesting respondent to rule on his February 19, 2021, affidavit of accusation. On May 25, 2022, respondent filed an entry, finding the October 29, 2021, memorandum in support moot, given the case was terminated on January 28, 2020.

{¶ 10}  4. On December 9, 2021, relator filed a complaint in procedendo in *State ex rel. Jones v. Franklin Cty. Common Pleas Court Adm. Judge*, 10th Dist. No. 21AP-662, 2022-Ohio-1296 ("*Jones II*"). The complaint in *Jones II* alleges that the same respondent as in the current case (Judge McIntosh) unreasonably delayed ruling on the same pleading at issue in the current case (the February 19, 2021, affidavit of accusation filed by relator) in the same underlying case at issue in the current case (*Jones I*). In *Jones II*, relator filed the identical October 29, 2021, writ of procedendo he filed with the common pleas court in *Jones I*. The magistrate in *Jones II* recommended dismissal of the action based upon relator's failure to include an R.C. 2969.25(A) affidavit, finding that relator commenced at least one civil action in the prior five years (the action to which he wishes this court to direct a writ, i.e., *Jones I*). Upon objections, the court found that, even if the underlying affidavit-of-accusation action was not a civil matter, citing *State v. Fraley*, 12th Dist. No. CA2019-09-072, 2020-Ohio-3763, ¶ 25 (characterizing a proceeding under R.C. 2935.09(D) as a

proto-criminal action, a statutory stage that precedes the potential commencement of a criminal action), it took judicial notice of the fact relator has filed several civil actions within the past five years, including *State ex rel. Jones v. McIntosh*, 10th Dist. No. 19AP-32, 2019-Ohio-3865 (dismissing as moot relator's original action requesting writ of procedendo); *State ex rel. Jones v. Hogan*, 10th Dist. No. 20AP-319, 2021-Ohio-526 (dismissing relator's original action requesting writ of mandamus and prohibition); *State v. Jones*, 10th Dist. No. 18AP-578, 2019-Ohio-1014 (affirming denial of successive motion for postconviction relief); and *State ex rel. Jones v. Court of Common Pleas*, 10th Dist. No. 16AP-25, 2016-Ohio-8342 (denying relator's request for writ of mandamus to compel respondent judge to rule on petition for postconviction relief). The court concluded that, notwithstanding the magistrate's focus on *Jones I*, it agreed with the magistrate's ultimate determination that relator had commenced at least one civil action or appeal in the preceding five years, and, therefore, relator's failure to provide an affidavit as required by R.C. 2969.25(A) warranted dismissal.

{¶ 11} 5. On May 2, 2022, relator filed the current complaint in procedendo in this court. The complaint alleges that respondent has unreasonably delayed ruling on the February 19, 2021, affidavit of accusation filed by relator in C.P. No. 20CV-1621. Relator's complaint includes an affidavit, in which relator avers the following, in pertinent part: (1) he has never filed a civil complaint against any state employee asking for financial damages; (2) he filed a postconviction relief motion (petition to vacate and set aside his judgment of conviction), which was denied and subsequently affirmed on March 28, 2017, in *State v. Jones*, 10th Dist. Franklin No. 16AP-128, 2017-Ohio-1121; (3) he filed a postconviction relief motion, which was denied and subsequently decided by the Tenth District Court of Appeals on January 25, 2018, in *State v. Jones*, 10th Dist. Franklin No. 17AP-431, 2018-Ohio-306; and (4) he filed a writ of procedendo in *Jones*, 2019-Ohio-3865, which was dismissed on September 24, 2019.

{¶ 12} 6. On June 30, 2022, respondent filed a Civ.R. 12(B)(6) motion to dismiss relator's complaint based upon his failure to comply with R.C. 2969.25(A).

{¶ 13} 7. On August 1, 2022, relator filed a motion to strike respondent's reply to relator's response to respondent's motion to dismiss.

Conclusions of Law:

{¶ 14} The magistrate recommends this court grant respondent's motion to dismiss relator's complaint for writ of procedendo.

{¶ 15} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 16} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 17} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6

(3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 18} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25 (A)(1) through (4).

{¶ 19} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No.

01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ **20**} In the present case, relator failed to file an affidavit fully complying with R.C. 2969.25(A). Although relator did include some of the information required by R.C. 2969.25(A) in his affidavit, he failed to include other required information. With regard to the postconviction motions relator lists, he variously failed to indicate the associated case names, case numbers, court names, and party names. Relator also failed to indicate the court and party names for the *Jones*, 2019-Ohio-3865, case. Therefore, his affidavit did not comply with R.C. 2969.25(A) in these respects.

{¶ **21**} Furthermore, as we indicated in *Jones II*, relator has filed several civil actions within the past five years that he does not include in his current affidavit, including *State ex rel. Jones v. Hogan*, 10th Dist. No. 20AP-319, 2021-Ohio-526 (dismissing relator's original action requesting writ of mandamus and prohibition); *State v. Jones*, 10th Dist. No. 18AP-578, 2019-Ohio-1014 (affirming denial of successive motion for postconviction relief); and *Jones*, 2016-Ohio-8342 (denying relator's request for writ of mandamus to compel respondent judge to rule on petition for postconviction relief). In addition, in his current affidavit, relator does not include the procedendo action he filed in *Jones II*. Therefore, relator's affidavit does not comply with R.C. 2969.25(A) in these respects.

{¶ **22**} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should grant respondent's motion to dismiss relator's complaint for writ of procedendo pursuant to Civ.R. 12(B)(6). Relator's August 1, 2022, motion to strike respondent's reply to relator's response to respondent's motion to dismiss is denied.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).